PROVOSTR, J.
Peter A. Fabacher, the plaintiff in one of these consolidated suits, sues his lessor, Miss Egan, to enjoin her from ousting him from the leased premises. That suit was filed on February 1C, 1920. The other of these consolidated suits, that of Miss •Egan. v. Fabacher, was filed on October 1, 1920, to oust Fabacher from the leased premises.
[1] Counsel of Miss Egan contend that the consolidation of the suits was improper, because the one is ordinary whereas the other is summary. But the issue was the same in the two suits, and so long as the injunction was undisposed of any judgment rendered in the ejection suit could not be executed. The injunction could not be bonded, as the effect of such bonding would have been to affect the possession of real estate. The consolidation was therefore proper.
Plaintiff, Fabacher, alleges;
That his lease was for the lower, or ground, floor of the building 936 Canal street, at a rental of $300 a month; that it was entered into on October 6, 1919, to expire on September 30, 1920, and contained the following renewal clause:
“The lessor agrees .to give to the lessee a preference over other applicants for the lease provided he agrees to the same price and conditions, reserving to the-lessor the right to reject all offers.”
That the defendant, Miss Egan, through her local agent, leased the said building as a whole to one Theodore Grünewald, for six months, at a rental of $800 a month commencing October 1, 1920, without having given to petitioner the refusal of the lease on the same terms and conditions, as she was bound to do under said renewal clause; 'and that he has always been, and is now, willing to enter into a lease similar to that made to Grünewald.
Miss Egan was first cited through her said local agent, but, he disclaiming authority to represent her in the suit, he was regularly appointed curator ad hoc to represent her, and Miss Egan, who lives in Ireland, was cited through him as curator.
[2] The contention was made that this citation was irregular, because unaccompanied by an attachment of the property. Whether | this contention has or has not been aban *467 cloned is left in doubt by the arguments, oral ■and brief. It is without merit. The issue is as to the right to the possession of property which, being real estate, is as safely within the jurisdiction of the court for judgment to be executed upon it, without as with attachment. In a situation such as this, attachment is not necessary. See Digests, verbo Absentees.
In his answer, filed May 1, 1920, the curator ad hoc denied that Fabacher was entitled to be offered an opportunity to lease the premises on the same terms as those made to Grünewald; and that, moreover, if he was so entitled, his remedy would be in damages for breach of contract, and not for specific performance.
Miss Egan’s suit, filed October 1, 1920, is simply in ejectment, because of the expiration of Fabaeher’s lease.
In his answer, Fabacher pleads the same grounds urged in his injunction suit; and adds that he has shown his readiness and willingness to comply with the terms of a lease similar to that of Grünewald by tendering to plaintiff’s agent, on October 1, 1920, $800 in payment of the first month’s rent in advance.
[3] On the trial, it appeared that when Fabacher went to the office of Miss Egan’s agent, in February, 1920, to protest against the violation of the renewal clause of his lease, he was asked by the agent whether he would have been willing to pay as much as $800 a month for the property, and that he said no, he would not have been willing to pay more than $700.
This was, however, after the agent had positively and finally refused to comply with this renewal clause, and hence was not in response to any offer of renewal, or in connection with any thought of consensual renewal, but merely, as would appear, by way of conversation.
When Fabacher made that statement, which he, by the way, denies having made, and in which it is just possible that he may have been misunderstood, or which he may have made through misunderstanding the question put to him, he was still, insisting upon his right of renewal on the terms of the Grünewald contract; and, under the circumstances of the case, it is very evident that he would have been wiliing to pay the $800, and even more; for he had converted the leased premises into a moving picture theater, on the faith of this right of renewal for five years, and the nonrenewal would have meant a very serious loss to him. Moreover, the fact that he filed his injunction suit immediately, and the further fact that on the 1st of October he tendered the $800, leaves little room for doubt as to what he would have done if Miss Egan’s agent had offered him an opportunity to either avail himself of this renewal clause or renounce its benefit.
[4] Because this renewal clause reserves to the lessor “the right to reject all offers,” the learned counsel of Miss Egan contend that it bound Miss Egan in no way to allow Fabacher the refusal of the lease on the same terms as those made to Grünewald. But, manifestly, the meaning of the clause is that if Miss Egan leases to anybody it must be to Fabacher, provided he agrees to the same terms and conditions that any one else is willing to lease at.
[5] The obligation of this renewal clause could not bo escaped by including in the now lease the upper floors of the building. The ground floor was the main rental part of the building. It stood as $300 to $200. The learned counsel for Fabacher illustrate well the legal situation by asking whether the obligation to allow a preference in the purchase of a cow could be avoided by the cow happening to have a calf. Apart, however, from •this fact, of the ground floor having been the main rental part of the building, we are clear that the obligation to allow a preference in the lease of this ground floor could *469 not be escaped, or nullified, by simply including tbe upper floors in the lease, so long .as Fabacher was willing to accept the lease of the building as a whole on the terms and conditions on which it was proposed to be leased to any one else.
We find no good reason why, as between Fabacher and Miss Egan, a specific performance of the obligation of this renewal clause should not be ordered.
It is therefore ordered, adjudged, and decreed, that the judgment appealed from he set aside; that the suit of Egan v. Fabacher be dismissed; and that the injunction herein be perpetuated, subject to the right reserved to Miss Egan to have the same dissolved after 10 days from the filing of the present decree in the trial court, on showing that within that time Fetor A. Fabacher had not offered to enter with her into a lease exactly similar to that entered into by her with Theodore Grünewald, and had not tendered payment to her in cash of whatever might at the date of said tender be due and payable to her under the lease made by her of the premises in question to Theodore Grünewald; and that Miss Egan pay the costs of these consolidated suits.